[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS CT Page 40
The plaintiffs, Terence Gray and Diahann Gray, have filed a complaint against the defendants, S A Restaurant Corp., Michael Chowka, and Dave Sheraka. The defendants Chowka and Sheraka have filed a motion to dismiss based on the lack of personal jurisdiction. The defendants claim that "this court lacks personal jurisdiction over the defendants because service of process was not made in accordance with [General Statutes] §52-57." Specifically, the defendants argue that the summons' and complaints were left at addresses where they no longer reside.
The plaintiffs do not oppose the merits of the defendants' motion. The plaintiffs argue only that the defendants waived their right to file a motion to dismiss because it was filed "beyond the thirty day time limitation set forth in [Practice Book § ] 142."
Practice Book § 142 states: "Any defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 144 states: "Any claim of lack of jurisdiction over the person or . . . insufficiency of service of process is waived if not raised . . . within the time provided by [Practice Book § ] 142."
An examination of the file reveals that the defendants' appearance was filed on November 17, 1997. The defendants' motion to dismiss was initially filed on December 17, 1997. The clerk's office, however, returned the motion and its accompanying affidavits to the defendants' counsel due to the fact that the affidavits were unsigned. On December 31, 1997, the motion was refiled with all of the proper signatures. The issue, therefore, is whether the first filing by the defendants of the motion to dismiss satisfied the thirty day time limitation found in Practice Book § 142.
Practice Book § 143 states: "The motion to dismiss shall . . . always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."
According to the language found in Practice Book § 143, a motion to dismiss should be accompanied by affidavits only "where CT Page 41 appropriate." A motion to dismiss that is not accompanied by affidavits is not fatally defective. The court finds, in the present case, that the clerk's office erred by returning the motion to dismiss to the defendants; based solely on the fact that the affidavits were not signed.
It would be unfair to the defendants if the court were to penalize them for an error made by the clerk's office. The court also finds, therefore, that the motion to dismiss was timely filed on December 17, 1997. The merits of the motion may properly be addressed.
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Internal quotation marks omitted.) Bridgeport v. Debek,210 Conn. 175, 179-80, 554 A.2d 728 (1989).
General Statutes § 52-57 (a) states in relevant part: "[P]rocess in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."
The defendants have provided several sworn affidavits in support of the motion to dismiss. "Where . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . ." Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). The affidavits indicate that the defendants, at the time service of process was attempted, did not reside at the address where service was left for them. Service of process, therefore, was not made at the defendants' usual place of abode.
The plaintiffs, during oral argument, however, indicated a desire to hold an evidentiary hearing regarding the jurisdictional issues presented. See Standard Tallow Corporationv. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983) ("[w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses.") The plaintiffs have not provided any indication that there is a factual dispute. Nevertheless, the court grants the plaintiffs' request for a CT Page 42 hearing. A final decision regarding the defendants' motion to dismiss is stayed pending an evidentiary hearing. The parties are ordered to contact the Stamford Caseflow office for scheduling a date and time for the hearing.
So ordered.
D'ANDREA, J.